IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON LEE REYNOLDS,<br><br>Defendant. | CR 17-147-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 36.)

On November 9, 2023, the Court conducted the final revocation hearing. Defendant admitted all violations except Violation No. 5 and the second alleged violation under Violation No. 3. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to two (2) months imprisonment, with no supervised release to follow.

I. **Background**

In 2018, Defendant pled guilty to the offense of felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). (Doc. 17.) On July 18, 2018, the Court sentenced him to 42 months imprisonment, to be followed by three (3) years

1

supervised release. (Doc. 26.) Defendant began serving his term of supervised release on January 15, 2021.

On September 27, 2023, the United States Probation Office filed the petition now at issue. (Doc. 34.) The petition alleges that Defendant violated four (4) conditions of supervised release, and provides a brief explanation of each violation. *Id*. Based on the petition, Judge Christensen issued a summons for Defendant's appearance. (Doc. 35.)

On October 24, 2023, Defendant made an initial appearance. (Doc. 38.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. (*Id.*) The Court set the final revocation hearing for November 9, 2023. (Doc. 41.) The Court granted Defendant continued release subject to the previously set conditions. (Doc. 38.) On November 2, 2023, the United States Probation Office filed an Amended Petition for Summons for Offender Under Supervision. (Doc. 42.)

## II.     Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Evangelo Arvanetes. Benjamin Hargrove represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to his imposition of sentence. After

consenting to proceed, Defendant admitted all of the violations as alleged in the petition, except for Violation No. 5 and the second alleged violation under Violation No. 3, relative to events on September 22, 2023.

Following his admission to the remaining violations, Counsel for the United States moved to dismiss Violation No. 5, and the second alleged violation in Violation No. 3.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6–12 months incarceration. Defendant could be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant agreed with those calculations.

Counsel for the United States requested a sentence of incarceration within the guideline range, with no supervised release to follow. Defendant's counsel requested a sentence of one (1) month custody, with no supervised release to follow.

/ / /

/ / /

## III. <u>Analysis</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to two (2) months imprisonment, with no supervised release to follow.

After considering the applicable factors in 18 U.S.C. § 3553(a), a sentence below the advisory revocation range is warranted. The undersigned has considered the nature and circumstances of the violations and the history and characteristics of Defendant. As to the nature and circumstances of the violations, Defendant has been on supervision since January 15, 2021, and sporadically accumulated violations during his term of supervised release. All were significant violations for an individual on supervised release, and his 2022 conviction for Driving Under the Influence was particularly serious.

Regarding Defendant's history and characteristics, however, he was on supervision and for over 33 months, with his term due to expire in less than three months. Until recently, Defendant had successfully maintained compliance with the conditions of his release for extended periods of time. He also maintained a stable residence and has been consistently employed. In addition, Defendant has successfully completed substance abuse treatment and other forms of programing, and had been an active and cooperative participant in his programing. Thus,

except for occasional violations, Defendant had generally been successful in his supervision for the majority of his term, and he put forth good effort to stay in compliance with the conditions of his supervision.

As to the need to afford adequate deterrence and protect the public from further crimes, a sentence of two months is sufficient, but not greater than necessary, to provide deterrence to further criminal conduct and protect the public. This is particularly true since, in addition to the sentence imposed by this Court for his supervised release violations, he is also subject to sentencing by the Montana state courts for his violations of state law.

Regarding the need for additional programing and correctional treatment, Defendant has already completed the programs that would be available to him on federal supervision.  Going forward, he will still be under state supervision until at least January 2025, and will be required to comply with the state's supervision requirements, which include substance abuse treatment and testing.  Therefore, there does not appear to be any significant benefit to placing Defendant back on supervised release to duplicate the supervision being provided by the state.

Accordingly, the undersigned finds that a sentence of two (2) months imprisonment, with no supervised release to follow, is sufficient, but not greater than necessary, to accomplish the sentencing objectives under 18 U.S.C. § 3553(a).

/ / /

## IV.   Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to his imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.  Defendant violated the mandatory condition that he refrain from any unlawful use of a controlled substance when, in July 2021, he submitted a urinalysis that tested positive for opiates, and in October 2022, he submitted a urinalysis that tested positive for marijuana.

2.  Defendant violated the special condition that he abstain from the consumption of alcohol and not enter establishments where alcohol is the primary item of sale when, in May 2022, he admitted to his probation officer that he consumed alcohol; in June 2022, he admitted to his probation officer that he consumed alcohol; in August 2022, he submitted a urinalysis that tested positive for alcohol; in March 2023, he submitted a urinalysis that tested positive for alcohol; in September 2023, he admitted that he consumed alcohol; and in September 2023, he consumed alcohol at a Town Pump Casino.

3. Defendant violated the mandatory condition that he not commit another federal, state, or local crime when, in June 2022, he was arrested and pled guilty in Stillwater County Justice Court to Driving Under the Influence, Driving on a Suspended/Revoked License, and No Insurance.

4. Defendant violated the special condition that he participate in and successfully complete an outpatient program of substance abuse treatment when, in October 2022, he failed to attend an individual substance abuse treatment session and was not excused from reporting for this session.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to two months imprisonment, with no supervised release to follow.

2. The United States' motion to dismiss Violation No. 5, and the second alleged violation of Violation No. 3, should be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

    DATED this 9th day of November, 2023.

                                                _____
                                                TIMOTHY J. CAVAN
                                                United States Magistrate Judge